IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN HARDY,

                          Plaintiff,

   v.                                              OPINION and ORDER

TY OLSTAD,                                            20-cv-754-jdp

                          Defendant.

---

Plaintiff John Hardy, represented by counsel, has filed a complaint against defendant Ty Olstad seeking Hardy's half of $900 million in assets generated by their jointly owned business. Hardy has filed proof of service, but Olstad hasn't responded. Hardy asks the clerk to enter default judgment against Olstad for what he says is a sum certain of $450 million, and he asks for a hearing on his claims for a further $1.35 billion in punitive and exemplary damages. Dkt. 4.

The court will not grant the relief Hardy requests. The hearing that was scheduled as a matter of routine will be taken off the calendar.

Hardy's threadbare complaint fails to state a claim for relief. The court is required to accept as true all well-pleaded factual allegations, but that principle is not applicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Hardy's complaint merely recites the elements of his various causes of action with conclusory statements that those elements are satisfied. There is simply not enough factual content to make the claim plausible on its face. *See id*. Hardy alleges that he and Olstad operated a business together. But he doesn't say what the business did or how it was formed. He alleges that it was

a Wisconsin partnership, or alternatively a Minnesota limited liability company, or if neither of those, then Olstad was unjustly enriched by Hardy's effort. Federal law allows pleading in the alternative. But it's just not plausible that Hardy was an equal partner in a billion-dollar enterprise without knowing what kind of entity it was. Which leads to a further problem. The lack of factual content in Hardy's complaint suggests that counsel failed to conduct a reasonable inquiry into whether Hardy's factual contentions have evidentiary support before filing the complaint, as required by Federal Rule of Civil Procedure 11(b)(3). The standard requires an investigation that is reasonable under the circumstances. Under most circumstances, it would not be reasonable to accept a client's naked assertion that he's owed half a billion dollars.

If Hardy, and counsel, wish to proceed with this case, Hardy must file a new complaint, by the deadline below, that includes sufficient facts to state a claim for relief that is plausible on its face. Because red flags are already up, counsel must also file a declaration describing his efforts to conduct the reasonable investigation required by Rule 11. These filings, if made, will have to be served on Olstad. If Hardy does not file a new complaint and the required affidavit by the deadline, the court will dismiss this lawsuit for Hardy's failure to prosecute it.

If we ever get to a hearing on a motion for default judgment, Hardy will have to establish his entitlement to damages with reasonable certainty. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). He is not entitled to judgment for a sum certain based solely on his testimony that he is owed a specific dollar amount. He must show that "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *E360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th

Cir. 1983)). Hardy's uncorroborated testimony is not going to get him a judgment for a billion dollars.

ORDER

IT IS ORDERED that:

1. Plaintiff John Hardy's motion for default judgment, Dkt. 4, is DENIED.

2. Hardy may have until October 23, 2020, to file a new complaint that states a claim for relief that is plausible on its face and otherwise complies with the Federal Rules of Civil Procedure.

3. Hardy's counsel may have until October 23, 2020, to file a declaration describing his investigation into whether the allegations in the complaint have evidentiary support.

4. If Hardy does not make the filings required by this order, the court will dismiss this lawsuit.

Entered October 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge